## OWENS ILLINOIS GLASS CO v BURNS

Ohio Appeals, 2nd Dist, Franklin Co

No 2636.   Decided April 24, 1936

O. C. Ingalls, Columbus, for plaintiff in error.

Blanchard, Touvelle & Glander, Columbus, for defendant in error.

## OPINION

By BARNES, PJ.

A pretended bill of exceptions is filed, but we find little, if any, aid there.from.

The questions of law involved are two in number and are as follows:

(1) Was the plaintiff in error entitled as a matter of right to be made a party defendant and to file pleading?

(2) If not entitled to plead as a matter of right, does the record disclose an abuse of discretion in the denial of such right?

Secs 11255 and 11263 GC are cited as being the only legislative enactments authorizing new party defendants with authority to plead.

Sec 11255 GC reads as follows:

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiffs or who is a necessary party to a complete determination or settlement of a question involved therein."

Sec 11263 GC reads as follows:

"In an action for the recovery of real or personal property, a person claiming an interest in the property, on an application, may be made a party."

In addition to the sections we should also have in mind the well recognized rule of law that a receiver may not be sued except by leave of court. But for this rule there would be very strong reason for determining plaintiff in error within the spirit, if not within the direct language of the above quoted sections.

If plaintiff in error had a right to intervene as a matter of right no motion would be necessary. It is our conclusion that the right must be directed to the sound discretion of the trial court. In considering this question, we have before us the following state of facts.

Plaintiff in error was a very large creditor and thereby was materially interested in the preservation of the assets of the company.

From the transcript of the docket and journal entries, it is ascertainable that no form of action was at any time taken to have the creditors brought into court, whereby they might consent or object to the continued operation of the business by the receiver.

The creditors were entitled to first consideration, looking to the preservation of the assets whereby their claims might be paid.

The continued operation of any defunct business by receiver is assuming a very hazardous venture and rarely if ever, should be allowed except where indispensably necessary to the protection of some suitor or at the instance and recommendation of the creditors. **Ohio Jur., Volume 34 (Receivers) §86.**

The receiver's reports disclose, regardless of the form of statement, that he was operating at a loss. The amount of the loss is augmented by what are termed extraordinary charges such as payment of interest on the first mortgage lien; also should be added so much of receiver's or attorney's fees as might be properly chargeable to the operation of the business.

The law is well recognized that a receiver has no authority by reason of his appointment alone, to operate a business. It is his primary duty to wind up the affairs.

His right to continue the business as a going concern is limited to the orders granted by the court, and the receiver's operation must be confined strictly to such order. The right to continue the business does not include the right to borrow money.

A right conferred by the court to borrow money does not authorize a receiver to buy material on credit. **34 O. Jur., (Receiver) §§82, 86, 87.**

Counsel for the parties in their respective briefs make many statements of fact which do not appear of record. The reports of the receiver are filed as original papers with the transcript of docket and journal entries and therefore may properly be considered.

Without at this time declaring any facts as established, we are of the opinion that the plaintiff in error should have the opportunity to present in concrete form through pleading, his complaints against the receiver in the administration of his trust. Anything less would deprive a creditor of a substantial right. As stated in the case of Hanes v Buckeye Wheel Company, Federal Reporter 224, page 289 at page 297:

"It is possible that appellees could have brought independent suits against the receiver and the surety upon his bond, but they were not confined to that remedy. They also had the undoubted right to intervene in the case wherein the officer, by his unauthorized acts, has caused the losses which they have sustained."

Whether or not after pleading filed and issues joined, plaintiff can substantiate any cause for relief is beside the question.

Suffice it to say that under the situation here existing, we think that the creditor should have his day in court. If there are any irregularities they should be determined in this proceeding where the court will have entire control of the distribution of the fund if augmented through the action of the creditor litigating. It is our judgment that the trial court should have permitted the plaintiff in error to be made party defendant and thereafter to plead, and that the court's action in refusing so to do was an abuse of discretion. The cause will be reversed and remanded with direction to proceed in accordance with the mandate of reversal.

Costs will be awarded against defendant in error.

Exceptions will be allowed to defendant in error.

HORNBECK and BODEY, JJ, concur.